IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2007**

Charles R. Fulbruge III
Clerk

No. 03-11106
Summary Calendar

CHRISTOPHER RADKE

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2430-R

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Christopher Radke, Texas prisoner # 806352, appeals the district court's dismissal of his 28 U.S.C. § 2254 application challenging his conviction of murder. The district court dismissed the application as time-barred. We granted a certificate of appealability (COA) on the issue whether "the limitations period should have been equitably tolled because Radke did not receive timely notice of the denial of his state habeas application."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Radke argues on appeal that he is entitled to equitable tolling because (1) he did not receive notice of the denial of his state habeas application until 37 days after the denial, and (2) the district court erred in not considering his objections concerning equitable tolling.

As Radke's petition is time-barred irrespective of the applicability of the doctrine of equitable tolling to his case, we need not reach the question for which the COA was granted. Radke's conviction became final on February 22, 2000, 90 days after his petition for discretionary review was denied on November 24, 1999. See Sup. Ct. R. 13. The one-year limitations period thus expired in February 2001, more than five months before Radke filed his state habeas application on August 6, 2001, and more than 20 months before he filed his § 2254 application on November 2, 2002. See 28 U.S.C. § 2244(d). As the statute of limitations expired before Radke filed his state habeas application, the issue whether he should receive equitable tolling because of his failure to receive timely notice of the denial of his state habeas application is irrelevant. Accordingly, the district court's judgment is
AFFIRMED.